UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOHN SLATE**, *on behalf of himself and others similarly situated,*<br><br>*Plaintiff*,<br><br>v.<br><br>**HEALTHY SPIRIT, LLC**, *d/b/a* **EASYREST ADJUSTABLE SLEEP SYSTEMS,**<br><br>*Defendant*. | Case No.: 1:23-cv-3034<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**Nature of this Action**

1. This action arises out of Defendant, Healthy Spirit, LLC d/b/a EasyRest Adjustable Sleep Systems' ("EasyRest" or "Defendant") relentless marketing practices that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. EasyRest makes, or has made on its behalf, aggressive unsolicited telemarketing calls soliciting its adjustable beds and mattresses.

3. These calls are made to individuals on the National Do-Not-Call Registry.

4. These calls continue even after the called party requests that they stop.

5. The TCPA prohibits making telemarketing calls to individuals who have registered their telephone numbers on the National Do-Not-Call Registry.

6. The TCPA also requires companies, like EasyRest, to maintain an internal do-not-call list and honor consumers' do-not-call requests.

7. Accordingly, Plaintiff John Slate ("Plaintiff" or "Mr. Slate") brings this action on behalf of himself and classes of similarly situated individuals.

**Jurisdiction and Venue**

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action

arises under the TCPA, which is a federal statute.

9. This Court has jurisdiction over EasyRest because EasyRest resides in this District and conducts business transactions in this District.

10. Venue is proper in this District because EasyRest is located in this District and because some of the wrongful conduct giving rise to this case occurred in and/or emanated from this District.

**Parties**

11. Mr. Slate is a natural person who at all relevant times resided in Fleming Island, Florida.

12. Mr. Slate is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

13. EasyRest is a limited liability company organized and existing under the laws of the State of Maryland, with headquarters located at 1401 South Edgewood Street, Baltimore, MD 21227.

14. EasyRest is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**TCPA Background**

15. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

16. Relevant here, the TCPA establishes a national "do not call" database of numbers

not to be called. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

17. These regulations are codified at 47 C.F.R. §§ 64.1200(e)(1-2).

18. Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

19. A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500 per call through § 227(c) of the TCPA.

20. The TCPA also specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

21. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.*

22. These regulations are codified at 47 C.F.R. § 64.1200(d)(1)-(7).

23. These regulations require a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. § 64.1200(d) (1, 2, 3, 6).

24. These regulations also require persons or entities making telemarketing calls to accurately provide "the called party with the name of the individual caller, the name of the person

or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." 47 C.F.R. § 64.1200(d)(4).

25. These policies and procedures prohibit a company from making calls for telemarketing purposes[1] unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

26. Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

27. There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through § 227(c):

> Section 227(c)(5)… empowers 'any person' to sue for damages and injunctive relief for do-not-call violations 'by or on behalf of' a company. In accordance with this statutory provision, the Commission's company-specific do-not-call rules provide that '[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]' 47 C.F.R. § 64.1200(d).

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013)

28. These requirements are separate but cumulative. In other words, a company must

---

[1] The distinction between the use of "telephone solicitation" in relation to the national do-not-call database and calls for "telemarketing purposes" in relation to the company-specific do-not-call list is significant. "Telephone solicitation" excludes calls made to a person with whom the company has as established business relationship, 47 CFR 64.1200(f)(14), which can be established by a "voluntary two-way communication". 47 CFR 64.1200(f)(5). But this business relationship can be terminated by a "do not call" request. 47 CFR 64.1200(f)(5)(i). "Telemarketing purposes", on the other hand, includes any calls made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, regardless of any consent or established business relationship. 47 CFR 64.1200(f)(12). In other words, prior to making any telemarketing calls to anyone, regardless of relationship, a company must implement the company-specific do-not-call regulations, but it only need to comply with the national do-not-call registry provisions with respect to persons with whom it does not have an existing established business relationship.

comply with both the 64.1200(d) regulations *and* the procedures for complying with the national "do not call" database regulations. A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

29. Though some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones that are used for residential purposes. 47 CFR. § 64.1200(e).

30. Further, a person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations"). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

31. Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

## Factual Allegations

32. Mr. Slate is the sole and customary user of a cellular telephone number (XXX)-XXX-3937.

33. Mr. Slate's cellular telephone number (XXX)-XXX-3937 is used for residential purposes.

34. Mr. Slate's cellular telephone number (XXX)-XXX-3937 has been on the National Do-Not-Call Registry since December 14, 2004.

35. Mr. Slate personally placed his cellular telephone number (XXX)-XXX-3937 on the National Do-Not-Call Registry because he did not want unsolicited telemarketing calls or texts, such as the ones at issue here.

36. At least as early as September 28, 2023, Mr. Slate began receiving telephone calls from EasyRest.

37. Each call solicited Mr. Slate to purchase an EasyRest adjustable bed or mattress.

38. For example, on September 28, 2023, Mr. Slate received a call from (904) 675-3893.

39. Telephone number (904) 675-3893 is a telephone number associated with EasyRest and when called connects to an EasyRest representative.

40. During the September 28, 2023 call, the caller solicited Mr. Slate to purchase an EasyRest adjustable bed or mattress.

41. Mr. Slate advised the caller that he was not interested and instructed the caller not to call back.

42. Despite his instruction, Mr. Slate continued to receive calls from EasyRest that solicited him to purchase an EasyREst adjustable bed or mattress.

43. For example, Mr. Slate received calls from EasyRest on the following dates and from the following telephone numbers:

- September 29, 2023 from (904) 454-8140;

- September 30, 2023 from (904) 297-5833;
- October 2, 2023 from (904) 775-7446;
- October 3, 2023 from (904) 615-9266;
- October 4, 2023 from (904) 643-7128;
- October 7, 2023 from (904) 675-3945;
- October 7, 2023 from (904) 780-5625;
- October 9, 2023 from (904) 875-8679;
- October 11, 2023 from (904) 606-6827;
- October 11, 2023 from (904) 529-0877;
- October 14, 2023 from (904) 643-7231;
- October 19, 2023 from (904) 513-0636;
- October 19, 2023 from (904) 478-5648; and
- October 25, 2023 from (904) 842-2173.

44. When Mr. Slate answered the phone, he repeatedly instructed the callers to stop calling him.

45. Mr. Slate did not provide prior express invitation or permission or consent for these telephone calls.

46. EasyRest did not have the required policies or procedures at the time of the calls it made to Mr. Slate and the classes defined below.

47. Alternatively, whatever written policies existed either failed to comply with the minimum requirements under the TCPA, 47 C.F.R. § 64.1200(d), or were never properly implemented—including as evidenced by the repeated calls to Mr. Slate after he requested that they stop.

48. EasyRest's violations were negligent.

49. Alternatively, EasyRest's violations were willful and knowing.

50. For example, EasyRest's violations were willful and knowing because EasyRest has received and responded to, via the Better Business Bureau,[2] numerous consumer complaints about its unsolicited and harassing calling practices:









---

[2] https://www.bbb.org/us/md/halethorpe/profile/adjustable-beds/easy-rest-adjustable-sleep-systems-0011-1972/complaints (Last accessed October 30, 2023).


**Initial Complaint**
02/15/2023

**Complaint Type:** Advertising/Sales Issues
**Status:** Answered

I have been getting calls daily from this company, sometimes multiple times a day, from several different phone numbers. I have never done business with them. These calls need to stop.


**Initial Complaint**
02/15/2023

**Complaint Type:** Advertising/Sales Issues
**Status:** Answered

To date, I have filed complaints with the Better Business Bureau and the ************************ with no less than TEN (10) violations of the Do Not Call Registry by East Rest Adjustment marketers received by my private phone number **************:Feb 3: *********** Feb 4: *********** Feb 6: *********** Feb 7: *********** Feb 8: *********** Feb 8: *********** Feb 9: *********** Feb 9: *********** Feb 10: *********** Feb 13: *********** A violation of the Do Not Call (DNC) provision of the Telemarketing Sales Rule (TSR) can be up to $43,792 per call. The fines for a violation of state Do Not Call rules can vary from $100 up to $25,000 per call.When can I expect compensation from your company for all these calls that I did not ask for?


**Initial Complaint**
02/14/2023

**Complaint Type:** Advertising/Sales Issues
**Status:** Resolved

For weeks now, I have been getting unwanted solicitation phone calls from ********* Adjust every morning before 10:00 am and most afternoons between 2:00 and 3:00 pm. The phone numbers are NEVER the same. Just in the last week, the phone calls came from these various area codes: 570, 812, 248, 601, 989, 947, 409, 734, 321, 575, 585, 717, and 706. It is abusive and maddening. Please get them to stop calling me!


**Initial Complaint**
02/14/2023

**Complaint Type:** Advertising/Sales Issues
**Status:** Resolved

I endlessly receive calls from this company.They continuously call, sometimes multiple times a day. I have answered and asked to be permanently removed from their call list, to no avail. I have never purchased anything from this company, I have never signed up for a newsletter, or contacted them for anything ever.I'm not sure what to do to stop receiving calls from these people at this point, short of having my phone line disconnected.


**Initial Complaint**
02/10/2023

**Complaint Type:** Advertising/Sales Issues
**Status:** Answered

I am constantly being harassed by ********* Adj. ******** the number does no good. They just call back with another one. I'd sleep on broken glass before I'd buy a bed from them.!



51.     Mr. Slate and the classes were damaged by the violations alleged herein. Their privacy was improperly invaded, EasyRest's calls temporarily seized and trespassed upon the use of their phones, and/or they were forced to divert attention away from other activities to address the unwanted telephone calls. EasyRest's telephone calls were annoying and a nuisance and wasted the time of Mr. Slate and the class members. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

## DEFENDANT'S LIABILITY

52.     EasyRest used automated systems to make outbound telephonic sales calls to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do-Not Call Registry.

53.     EasyRest made two or more telephone solicitations to Mr. Slate, whose number was on the National Do-Not-Call Registry at the time of the telephone calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

54.     Accordingly, for violations of 47 C.F.R. § 64.1200(c), Mr. Slate is entitled to $500 per call through 47 U.S.C. § 227(c).

55.     Mr. Slate is entitled to $1,500 per call if EasyRest's actions are found to be knowing or willful.

56.     EasyRest placed two or more telemarketing calls to Mr. Slate, despite not having in place the required policies and procedures prior to making such calls. This constitutes a

violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.6200(d).

57. Accordingly, for violations of 47 C.F.R. § 64.1200(d), Mr. Slate is entitled to $500 per call through 47 U.S.C. § 227(c).

58. Mr. Slate is entitled to $1,500 per call if EasyRest's actions are found to be knowing or willful.

## CLASS ACTION ALLEGATIONS

59. Mr. Slate brings this action under Fed. R. Civ. P. 23 on behalf of two proposed "Classes," as defined as follows:

### THE TCPA CLASSES

> Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls from four (4) years prior to the filing of the Complaint.

("Registry Class")

> Plaintiff and all persons within the United States whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period from four (4) years prior to the filing of the Complaint.

("Policy Class").

(The Registry Class and the Policy Class are collectively referred to herein as the "Classes.")

60. Excluded from the Classes are EasyRest and any entities in which EasyRest has a controlling interest; EasyRest's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

61. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

62. The exact number and identities of the persons who fit within the Classes are ascertainable in that EasyRest and third parties maintain written and electronically stored data showing:

- The time period(s) during which EasyRest or its agent made the telephone calls;

- The telephone numbers to which EasyRest or its agent made telephone calls;

- The telephone numbers for which EasyRest had prior express written consent;

- The purposes of such telephone calls; and

- The names and addresses of Class members.

63. The Classes are comprised of hundreds, if not thousands, of individuals.

64. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

- Whether EasyRest (or someone acting on its behalf) makes telemarketing calls;

- Whether EasyRest (or someone acting on their behalf) obtains prior express written consent;

- Whether EasyRest or the entities with which it contracts makes solicitation calls and to telephone numbers registered on the National Do-Not-Call Registry;

- Whether EasyRest had the required policies and procedures prior to making telemarketing calls;

- Whether EasyRest's statutory violations were willful and knowing; and

- Whether EasyRest should be enjoined from engaging in such conduct in the future.

65. Plaintiff is a member of the Classes in that EasyRest placed two or more calls for telemarketing purposes, in a one-year period to his telephone number, without his prior express written consent, and while his telephone number was on the National Do-Not-Call Registry.

66. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from EasyRest's uniform conduct and are based on the same legal theories as these claims.

67. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to EasyRest's unwanted calls and suffered a nuisance and an invasion of their privacy.

68. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

69. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent him and the Classes.

70. EasyRest has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

71. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

72. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

73. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Registry Class)**

74. Plaintiff and the proposed Registry Class incorporate the allegations of paragraphs 1-73 as if fully set forth herein.

75. EasyRest made, or had made on its behalf, telephone solicitations to Plaintiff's and putative Registry Class Members' telephone numbers.

76. Plaintiff's and putative Registry Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

77. Plaintiff and putative Registry Class Members each received two or more such calls in a 12-month period.

78. Plaintiff and putative Registry Class Members are entitled to an award of $500 in statutory damages for each telephone solicitation call pursuant to 47 U.S.C. § 227(c)(5).

79. Plaintiff and putative Registry Class Members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On behalf of Plaintiff and the Policy Class)**

80. Plaintiff and the proposed Policy Class incorporate the allegations of paragraphs 1-73 as if fully set forth herein.

81. EasyRest made numerous telephone calls for telemarketing purposes to Plaintiff's and putative Policy Class Members' telephone numbers.

82. EasyRest did so despite not having a written policy as required by the TCPA.

83. EasyRest did so despite not training its personnel on the existence or use of any internal "do not call" list or policy.

84. EasyRest did so despite not recording or honoring "do not call" requests.

85. EasyRest did so despite not recording or honoring "do not call" requests in a reasonable period of time.

86. EasyRest made two or more telemarketing calls to Plaintiff and putative Policy Class Members' telephone numbers in a 12-month period.

87. Plaintiff and putative Policy Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5).

88. Plaintiff and putative Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes and appointing his counsel as Class Counsel;

B. An order declaring that EasyRest's actions, as set out above, violate the statutes referenced herein;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting EasyRest from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages; and

F.      Such other and further relief that the Court deems reasonable and just.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: November 7, 2023

*/s/ John T. McGowan*_____
John T. McGowan, Esq. Bar No. 21477
KINNER & McGOWAN PLLC
413 East Capitol Street SE, First Floor
Washington, D.C. 20003
Tel: (202) 846-7148
jmcgowan@kinnermcgowan.com

*/s/ Max S. Morgan*_____
Eric H. Weitz, Esquire*
Max S. Morgan, Esquire*
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

*Counsel for Plaintiff and
the proposed classes*

(*to seek admission *pro hac vice*)