UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOHN SLATE**, *on behalf of himself and others similarly situated,*<br><br>    *Plaintiff,*<br><br>v.<br><br>**HEALTHY SPIRIT, LLC**, *d/b/a* **EASYREST ADJUSTABLE SLEEP SYSTEMS,**<br><br>    *Defendant.* | Case No.: 1:23-cv-3034 |

**PLAINTIFF JOHN SLATE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT <u>HEALTHY SPIRIT, LLC d/b/a EASYREST ADJUSTABLE SLEEP SYSTEMS</u>**

Pursuant to Federal Rule of Civil Procedure 55(b), Plaintiff John Slate ("Plaintiff" or "Slate") hereby submits this Memorandum of Law in support of his Motion for an entry of Default Judgment against Defendant Healthy Spirit, LLC d/b/a EasyRest Adjustable Sleep Systems ("Defendant" or "EasyRest").

**I.    RELEVANT FACTS AND PROCEDURAL HISTORY**

Mr. Slate is a resident of Fleming Island, Florida. [Dkt. 1 at ¶ 11.] Defendant is a limited liability company organized and existing under the laws of the State of Maryland, with headquarters located at 1401 South Edgewood Street, Baltimore, MD 21227. [*Id.* at ¶ 13.]

Mr. Slate is the sole and customary user of a cellular telephone number (XXX) XXX-3937. [Dkt. 1 at ¶ 32.] Mr. Slate's cellular telephone number (XXX) XXX-3937 is used for residential purposes. [*Id.* at ¶ 33.] Mr. Slate's cellular telephone number (XXX) XXX-3937 has been on the National Do-Not-Call Registry since December 14, 2004. [*Id.* at ¶ 34.] Beginning on September 28, 2023, Mr. Slate began receiving telemarketing calls from Defendant. [*Id.* at ¶ 36.] Each call solicited Mr. Slate to purchase one of Defendant's adjustable beds or mattresses. [*Id.* at ¶ 37.]

During the first call Mr. Slate received from Defendant, Mr. Slate advised Defendant that he was not interested and instructed Defendant not to call him again. [*Id.* at ¶¶ 38-41.] Despite his instructions, Defendant continued to call Mr. Slate to solicit him to purchase Defendant's adjustable beds or mattresses. [*Id*. at ¶¶ 42.] Defendant continued to call Mr. Slate even after this lawsuit was filed. *See* Exhibit 1, Decl. of John Slate at ¶¶ 13-17. In total, Defendant called Mr. Slate 55 times, 54 of which occurred *after* Mr. Slate instructed Defendant not to call him again. *Id*.

On November 7, 2023, Mr. Slate filed this action against Defendant. [*See* dkt. 1.] On November 16, 2023, Defendant was served via personal service at its offices located at 1401 South Edgewood Street, Baltimore, MD 21227. [*See* dkt. 5.] On November 28, 2023, Defendant mailed a letter to the Court responding to the Summons. [*See* dkt. 6-1.] The Court rejected Defendant's filing because it did not comply with L.R. 101 or 102. [*See* dkt. 6.] Defendant failed to engage counsel or file a proper answer or response. Accordingly, on January 20, 2024, Plaintiff filed a Motion for Clerk's Default. [*See* dkt. 7.] On January 23, 2024, the Clerk entered default against Defendant. [*See* dkt. 8-9.] On January 23, 2024, Plaintiff filed a motion seeking leave to conduct class certification and damages discovery. [*See* dkt. 10.] On May 13, 2024, the Court granted Plaintiff's Motion. [Dkt. 11.]

Plaintiff now seeks default judgment on his individual claims. Because Defendant violated 47 U.S.C. § 227(c) 55 times, Plaintiff is entitled to $27,500 (i.e., $500 x 55). Plaintiff respectfully requests that the 54 of the violations be trebled to $81,000 (i.e., $1,500 x 54) because they occurred after Plaintiff requested that Defendant stop calling him and were accordingly willful and knowing. Accordingly, Plaintiff seeks judgment in his favor in the amount of $81,500.

## II. ARGUMENT

### A. Standard for Default Judgment

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a default has been entered by the clerk, the court may, upon the plaintiff's application and notice to the defaulting party, enter a default judgment. Fed. R. Civ. P. 55(b)(2). A defendant's default does not, however, automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("[T]rial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom."); *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002).

In reviewing a motion for default judgment, the court accepts as true the well-pleaded factual allegations in the complaint relating to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). If liability is established, the court must then determine the appropriate amount of damages. *See id.* at 780-81. While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo,* 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *see also Laborers' District Council Pension, et al. v. E.G.S., Inc.,* Civ. No. WDQ-09-3174, 2010 U.S. Dist. LEXIS 38049 at *8 (D.Md. Apr. 16, 2010) ("on default judgment, the Court may only award damages without a hearing if the record supports the damages requested").

**B.    Plaintiff is entitled to default judgment against Defendant for his claims under 47 U.S.C. § 227(c).**

Plaintiff's Complaint alleges that Defendant violated the TCPA, specifically 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(c)(2), and 47 C.F.R. § 64.1200(d). Under the TCPA, the Federal Communications Commission ("FCC") is directed to engage in rulemaking about "the need to protect residential telephone subscribers' private rights to avoid receiving telephone solicitations to which they object" and to "prescribe regulations to implement methods and procedures for protecting [those] privacy rights." 47 U.S.C. § 227(c)(1), (2). "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations" prescribed by the FCC has a private right of action for damages and injunctive relief. 47 U.S.C. § 227(c)(5).

The first of the regulations at issue in the Complaint prohibits "any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations[1] that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). The second regulation referenced in the Complaint prohibits, in relevant part, "any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls." 47 C.F.R. § 64.1200(d). The regulation further provides minimum standards:

> (1) **Written policy**. Persons or entities making artificial or prerecorded-voice telephone calls pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

---

[1] A telephone solicitation under the TCPA is defined as the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in. property, goods, or services." 47 U.S.C. § 227(a)(4).

> (2) **Training of personnel**. Personnel engaged in . . . any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) **Recording, disclosure of do-not-call requests**. If a person or entity making . . . any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed 30 days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request. . . . .
>
> . . . .
>
> (6) **Maintenance of do-not-call lists**. A person or entity making . . . any call for telemarketing purposes must maintain a record of a consumer's request not to receive further calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. 64.1200(d)(1)-(3), (6).

Here, Mr. Slate's unchallenged factual allegations, taken as true, are sufficient to establish liability under the above regulations. To establish a TCPA violation based on 47 C.F.R. § 64.1200(c)(2), a plaintiff must show: (1) more than one telephone call within any 12-month period; (2) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services; (3) by or on behalf of the same entity; (4) to a residential telephone subscriber whose telephone number had been placed on the National Do-Not-Call Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

Mr. Slate, in his Complaint as well as in his attached declaration, asserts that he registered his cellular telephone number[2] with the National Do-Not-Call Registry and identifies 55 calls he received in a one-year period in which Defendant marketed its products to him. *See* Slate Decl. at ¶¶ 15-17. Mr. Slate has presented sufficient evidence to provide his claim under 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(c)(2) and respectfully requests that default judgement be entered against Defendant as to Count 1.

To prove a TCPA violation based on 47 C.F.R. § 64.1200(d)(3), a plaintiff must establish: (1) more than one telephone call within any 12-month period; (2) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services; (3) by or on behalf of the same entity; (4) that fails to honor the recipient's prior do-not-call request; (5) within a reasonable time after the date such request was made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d)(3). Mr. Slate alleges that after he had made a first request on September 28, 2023 to Defendant to stop calling him, he received 54 additional telemarketing calls from Defendant over the next three months. These unrefuted facts are sufficient to establish a violation of 47 C.F.R. § 64.1200(d)(3). Accordingly, the Court should grant default judgment in favor of Mr. Slate with respect to Count 2.

Finally, Mr. Slate asserts that Defendant's violations were willful and knowing. For purposes of civil liability, a defendant acts willfully when it "demonstrate[s] indifference to ongoing violations and a conscious disregard for compliance with the law." *Krakauer v. Dish Network LLC*, 925 F.3d 643, 662 (4th Cir. 2019). Mr. Slate's Complaint shows that Defendant has a history of knowingly and willfully violating the TCPA and not honoring do-not-call requests. [*See* dkt. 1 at ¶¶ 49-50.] Mr. Slate identifies numerous consumer complaints alleging failure to

---

[2] The prohibitions in 47 C.F.R. § 64.1200(c)(2) and (d) on calls to residential telephone subscribers apply to calls to wireless telephone numbers. *See* 47 C.F.R. § 64.1200(e).

stop calling following do-not-call requests as calling numbers and soliciting individuals that have placed their telephone numbers on the National Do-Not-Call Registry. [*See id.*] Mr. Slate also detailed how he repeatedly advised Defendant that he was not interested in their products and requested the calls to stop. [*Id.* at ¶¶ 41-42, 44-45.] Defendant's actions highlight Defendant's indifference and conscious disregard for compliance with the law. These allegations are sufficient to treble damages. *See Cleveland v. Nextmarvel, Inc.*, No. TDC-23-1918, 2024 U.S. Dist. LEXIS 9679, at * 8-10 (D. Md. Jan. 18, 2024) (trebling damages on motion for default judgment in view of similar allegations).

### C. Plaintiff seeks judgment in the amount of $81,500.00

Plaintiff received 55 solicitation calls, within a 12-month period, while his number was registered on the National Do-Not-Call registry for 30 or more days. Plaintiff also made do-not-call requests, that Defendant failed to honor. Plaintiff seeks damages under 47 U.S.C. § 227(c) in the total amount of **$81,500.00**. Plaintiff seeks damages for the first call he received in the amount of $500 (1 x $500). Plaintiff seeks damages for the 54 calls he received after his do-not-call request in the amount of $81,000 ($1,500 x 54), because these calls were willful and knowing.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter default judgment against Defendant in favor of Plaintiff in the amount of $81,500.

Dated: July 18, 2024        */s/ Max S. Morgan*
Max S. Morgan, Esquire*
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

John T. McGowan, Esq. Bar No. 21477
KINNER & McGOWAN PLLC
413 East Capitol Street SE, First Floor
Washingotn, D.C. 20003
Tel: (202) 846-7148
jmcgowan@kinnermcgowan.com

*Counsel for Plaintiff and
the proposed classes*
(*admitted *pro hac vice*)