# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| JOHN SLATE,<br>on behalf of himself<br>and others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>HEALTHY SPIRIT, LLC,<br>d/b/a EASYREST ADJUSTABLE<br>SLEEP SYSTEMS,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | <br><br><br><br><br><br>Civ. No. MJM-23-3034 |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff John Slate ("Plaintiff") filed this action against defendant Healthy Spirit, LLC d/b/a EasyRest Adjustable Sleep Systems ("Defendant"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. Electronic Case Filing ("ECF") No. 1. Defendant, despite being properly served, failed to appear or otherwise defend this action. ECF No. 1. Currently pending is Plaintiff's Motion for Default Judgment. ECF No. 12. For the reasons stated below, Plaintiff's Motion for Default Judgment is GRANTED.

### I.   BACKGROUND

The Complaint alleges that Defendant made several telemarketing calls to Plaintiff's cellular telephone number, despite Plaintiff having registered his number on the National Do-Not-Call Registry and instructing the caller not to call back, and despite Defendant having received numerous consumer complaints. ECF No. 1. Defendant was served with the Complaint and

Summons on November 16, 2023, via personal service in Baltimore, Maryland. ECF No. 5. Defendant submitted a letter dated November 28, 2023, to the Court in response to the Summons, which the Court rejected for failure to comply with Local Rules 101 and 102, noting the requirement that business entities be represented by counsel. ECF No. 6.

On January 20, 2024, Plaintiff moved for Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a), ECF No. 7, and the Clerk entered default on January 23, 2024, ECF No. 8, with notice to Defendant, ECF No. 9. Plaintiff then filed the present Motion for Default Judgment, supported by a memorandum of law, declaration, and accompanying exhibits. ECF No. 12. Plaintiff seeks a judgment in the amount of $81,500, representing statutory damages under the TCPA. *Id.* To date, Defendant has not filed an answer, appeared through counsel to participate in this litigation, or responded to the Motion for Default Judgment.

## II.   DISCUSSION

### A.  Standard of Review

The Fourth Circuit recognizes a "strong policy that cases be decided on the merits[.]" *Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 376 (4th Cir. 2013) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993)). "However, default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (quoting *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)). A defendant's default must be entered when the defendant fails to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). If the plaintiff's claim against the defaulting defendant is not for a sum certain or ascertainable through computation, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact[]" but "is not held . . . to admit conclusions of law." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—s admitted if a responsive pleading is required and the allegation is not denied."); *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010) ("It . . . remains for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action.") (citing *Ryan*, 253 F.3d at 780–81). Therefore, when reviewing a motion for default judgment, the court accepts as true the well-pleaded allegations in the complaint but must determine whether those allegations "support the relief sought in this action." *Ryan*, 253 F.3d at 780.

"If the court finds that liability is established, it must then turn to the determination of damages." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013) (citing *Ryan*, 253 F.3d at 780–81.) "The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages." *Id.* "An allegation 'relating to the amount of damages' is not deemed admitted based on a defendant's failure to deny in a required responsive pleading." *Monge*, 751 F. Supp. 2d at 794 (quoting Fed. R. Civ. P. 8(b)(6). The court may but need not conduct a hearing to determine the amount of damages; it may instead "rely on detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citing *United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir. 1979)), *quoted in United Food & Com. Workers Unions v. Magruder Holdings, Inc.*, Civ. No. GJH-16-2903, 2017 WL 3129192,

at *3 (D. Md. July 21, 2017). Pursuant to Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

**B. Analysis**

In the Complaint, Plaintiff alleges that Defendant violated the TCPA, specifically, 47 U.S.C. § 227(c).

> Under the TCPA, the Federal Communications Commission ("FCC") is directed to engage in rulemaking about "the need to protect residential telephone subscribers' private rights to avoid receiving telephone solicitations to which they object" and to "prescribe regulations to implement methods and procedures for protecting [those] privacy rights." 47 U.S.C. § 227(c)(1), (2). "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations" prescribed by the FCC has a private right of action for damages and injunctive relief. 47 U.S.C. § 227(c)(5).

*Cleveland v. Nextmarvel, Inc.*, Civ. No. TDC-23-1918, 2024 U.S. Dist. LEXIS 9679, at *5 (D. Md. Jan. 18, 2024).

A TCPA regulation cited in the Complaint prohibits "any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). A "telephone solicitation" is defined in the TCPA as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person," with certain exceptions not relevant here. 47 U.S.C. § 227(a)(4).

Another regulation cited in the Complaint prohibits a person or entity from initiating calls "for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). The person's or entity's personnel

"must be informed and trained in the existence and use of the do-not-call list." *Id.* § 64.1200(d)(2).

> If a person or entity making . . . any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed 30 days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request.

*Id.* § 64.1200(d)(3). "A person or entity making . . . any call for telemarketing purposes must maintain a record of a consumer's request not to receive further calls[,]" and must honor a "do-not-call request . . . for 5 years from the time the request is made." *Id.* § 64.1200(d)(6).

The foregoing regulations "are applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers to the extent described in the Commission's Report and Order, . . . "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991." *Id.* § 64.1200(e).

Here, Plaintiff's undisputed factual allegations are sufficient to establish Defendant's liability under the TCPA and the foregoing regulations. "To establish a TCPA violation based on 47 C.F.R. § 64.1200(c)(2), a plaintiff must show: (1) more than one telephone call within any 12-month period; (2) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services; (3) by or on behalf of the same entity; (4) to a residential telephone subscriber whose telephone number had been placed on the National Do-Not-Call Registry." *Cleveland*, 2024 U.S. Dist. LEXIS 9679, at *7 (citing 47 U.S.C. § 227(c)(5)). Here, Plaintiff alleges in the Complaint that Defendant placed at least fifteen telemarketing calls to his cell phone

5

number between September 28, 2023, and October 25, 2023.[1] ECF No. 1, ¶¶ 36–43. Each call solicited Plaintiff to purchase adjustable beds and mattresses marketed by Defendant. *Id.* ¶ 37. Finally, Plaintiff's cell phone number has been listed on the National Do-Not-Call Registry since 2004, *id.* ¶ 35, and Plaintiff did not provide prior express invitation or consent to receive Defendant's calls, *id.* ¶ 45. Together, these unchallenged factual allegations establish a violation of 47 C.F.R. § 64.1200(c)(2).

"To prove a TCPA violation based on 47 C.F.R. § 64.1200(d)(3), a plaintiff must establish: (1) more than one telephone call within any 12-month period; (2) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services; (3) by or on behalf of the same entity; (4) that fails to honor the recipient's prior do-not-call request; (5) within a reasonable time after the date such request was made." *Cleveland*, 2024 U.S. Dist. LEXIS 9679, at *8 (citing 47 U.S.C. § 227(c)(5)). Here, Plaintiff alleges that, during Defendant's first telemarketing call on September 28, 2023, Plaintiff stated "he was not interested and instructed the caller not to call back." ECF No. 1, ¶ 41. Thereafter, Defendant proceeded to place numerous additional telemarketing calls over the next several weeks. *Id.* ¶¶ 37, 43. Again, each call solicited Plaintiff to purchase adjustable beds and mattresses marketed by Defendant. *Id.* ¶ 37. These facts, taken together and unchallenged by Defendant, demonstrate a violation of 47 C.F.R. § 64.1200(d)(3).

Having found Defendant liable for violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200, the Court proceeds to a computation of damages. The statute provides that a plaintiff may recover "actual monetary loss" from such violations or "receive up to $500 in damages for each such violation, whichever is greater[.]" 47 U.S.C. § 227(c)(5)(B). Additionally, "[i]f the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection,

---

[1] Plaintiff elaborates in a declaration attached to his motion that he actually received 55 telemarketing calls from Defendant between September 28, 2023, and December 21, 2023. ECF No. 12-2, ¶ 13.

the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under [§ 227(c)(5)(B)]." *Id.* § 227(c)(5).

Plaintiff alleges willful violations of the TCPA and seeks treble damages. *See* ECF No. 1, ¶¶ 49, 50, 79; ECF No. 12-1 at 6–7. "For purposes of civil liability, a defendant acts willfully under the TCPA when it 'demonstrate[s] indifference to ongoing violations and a conscious disregard for compliance with the law.'" *Cleveland*, 2024 U.S. Dist. LEXIS 9679, at *9 (quoting *Krakauer v. Dish Network LLC*, 925 F.3d 643, 662 (4th Cir. 2019)). Here, Plaintiff has not merely alleged that Defendant acted knowingly and willfully; he alleges specific facts to support a finding of willfulness. Plaintiff alleges that, prior to receiving Defendant's telemarketing calls, Defendant had received "numerous consumer complaints about its unsolicited and harassing calling practices[.]" ECF No. 1, ¶ 50. Several of these complaints, lodged with the Better Business Bureau, are reproduced in the Complaint. *See id.* Furthermore, whenever he received an unwanted telemarketing call, Plaintiff "repeatedly instructed the callers to stop calling him." *Id.* ¶ 44. These facts are sufficient to demonstrate Defendant's "indifference to ongoing violations and a conscious disregard for compliance with the law." *Krakauer*, 925 F.3d at 662. Accordingly, Plaintiff has established willful violations of the TCPA and justified an award of treble damages under 47 U.S.C. § 227(c)(5)(C).

The declaration attached to Plaintiff's motion establishes Defendant's liability for 54 unsolicited telemarketing calls to Plaintiff in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200. Applying treble damages for each willful violation results in a total amount of $81,500. The Court shall award this amount accordingly.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is GRANTED. Judgment shall be entered in a total amount of $81,500. A separate Order will issue.

| | |
|---|---|
| __1/28/25__ | _____/S/_____ |
| Date | Matthew J. Maddox |
| | United States District Judge |